JOSEPH RINGEMANN, JR., CO. v. JOHN BROXTERMANN, EXR., ET AL.

1. MONEY CLAIM AS GIFT—HELD TO HAVE BEEN A LOAN.

Where it appeared that Mrs. S., in negotiating a sale of several parcels of real estate, said she "could use the money to better advantage upon the hill by improving some property," and upon receipt of the money, $16,000, equal to about one-half her estate, she went with her son-in-law to a bank, and after depositing the money gave him a check for $14,300, which, after her death, he claimed was a gift, in view of the statement referred to, as opposed to those made by the son-in-law and by other persons not members of the family, and in view of the fact that Mrs. S. had a family of nine children, and a will in their favor rebuts the presumption of a lack of parental regard for them, and no good reason appears why she should have given half her estate to her son-in-law, a majority of the court holds that a verdict holding the transaction between Mrs. S. and her son-in-law to have been merely a loan, was not manifestly against the weight of the evidence.

2. TRANSFERRED TO CORPORATION—NOT REACHED BY ACTION AT LAW.

While, in a proper proceeding, a fund, claimed to have been received as a gift but which the court holds to have been a loan, and afterwards invested in a corporation, may be followed and property in the hands of the corporation subjected to payment of the claim, the facts stated do not authorize a judgment against the corporation as a party, with the person receiving the money, to an action at law.

*Charles W. Baker*, for plaintiff in error.

*C. B. Matthews*, for the executor.

The original action was commenced by John Broxtermann as executor of the last will and testament of Mary E. Schlichte, deceased, against Joseph Ringemann, Jr., Emma Ringemann and the Joseph Ringemann, Jr., Company, a corporation under the laws of Ohio, to recover the sum of $14,300 as money had and received to plaintiff's use. The defendants filed a general denial, and on the trial sought to prove that the money received was a gift from Mrs. Schlichte to her son-in-law, Joseph Ringemann, Jr.

At the conclusion of plaintiff's testimony, the defendants, the Joseph Ringemann, Jr., Company and Emma Ringemann, separately moved the court to arrest the case from the jury and to render judgment in their favor. The motion was sustained as to Emma Ringemann, the wife of Joseph Ringemann, Jr., and overruled as to the company.

The errors relied on are:

First. That the verdict is not sustained by sufficient evidence.

Ringemann v. Broxtermann.

Second. That the court erred in overruling the motion of the Joseph Ringemann, Jr., Company to arrest the case from the jury.

If we weigh only the direct testimony of the witnesses as to the transaction itself and what Mrs. Schlichte said concerning it before and after the delivery of the check, giving full credit to each witness, there can be no escape from the conclusion that the money received was a gift; but viewed in the light of the surrounding circumstances, the conduct of Joseph Ringemann himself, the interest of some of the witnesses, and the probability that others misunderstood Mrs. Schlichte who spoke the English language imperfectly, we are unwilling to say that the verdict is manifestly against the weight of the evidence.

It appears from the testimony that Mrs. Schlichte had several pieces of real estate, one of which she sold to the Herman Lackman Brewing Company for the sum of $16,000, and pending negotiations gave as a reason for selling that "she could use the money to a better advantage upon the hill by improving some property," whereas, upon receipt of the same, she went with her son-in-law to the Merchants National Bank, and after depositing the proceeds of the sale, gave him a check for $14,300.

Being a strong-minded business woman, it is not probable that she would make such a statement to Mr. Lackman and yet at the same time talk so freely to other persons, not members of the family, about *giving* the money to Mr. Ringemann. The latter admits that a short time after he received the money he executed and delivered to her a note for that amount, but says that "she just simply wouldn't listen to it, and took the note I handed her in an envelope and tore it up."

He says: "I could hardly realize she had done so much for me," and yet he thought it necessary to be present at the office of the Lackman Brewing Company when the sale was made and afterwards to go with Mrs. Schlichte to the bank when the sale money was deposited, although she herself was a woman of affairs, and had by her own industry and close attention to business amassed a small fortune.

It further appears that about five months before the date of the alleged gift, Mrs. Schlichte executed her last will and testament, which provided that the residue of her estate, after the payment of certain charitable bequests, should be divided equally among her nine children, naming each of them and including Mrs. Ringemann, which rebuts the imputation that at this time there was any want of parental regard and affection for any of her children.

It also appears that Ringemann, a few days before the death of Mrs. Schlichte, requested her to sign a will prepared by himself, and after she refused to sign the paper destroyed it, for the reason, as he stated, that he did not want anything lying around in his handwriting. The absence of any good reason why Mrs. Schlichte should give nearly one-half of her entire estate to her son-in-law adds to the improbability that the money received by him was a gift.

We think, therefore, that the court did not err in overruling the motion for a new trial on the ground that the verdict is not sustained by sufficient evidence.

We are unable, however, to understand upon what principle of law the judgment against the corporation can be sustained. It was not organized until a month after the transaction, and hence could have received no part of the money from Mrs. Schlichte. It is true that Ringemann afterwards transferred by check $8,500 from his account in the

bank to that of the corporation; but this alone would not support a judgment for the entire sum of $14,300 and interest.

There is no allegation of fraud in the pleadings; and while, in a proper proceeding, the fund might be followed and property in the hands of the corporation subjected to the payment of the claim, the plaintiff is not entitled to a judgment at law.

Mrs. Ringemann holds thirty-six of the forty shares of the capital stock, and in the event the property of the corporation is insufficient to satisfy the judgment, may be required to pay an amount equal to the stock held by her, notwithstanding the court dismissed the petition as to her.

Judgment affirmed as to Jos. Ringemann, Jr., and reversed as to the company.

SMITH, J., dissents in part, as appears from the syllabus.